## APPEAL OF LYNCH CONSTRUCTION CO.

Docket No. 3375.   Submitted October 15, 1925.   Decided January 14, 1926.

> A corporation taxpayer making its returns upon a calendar year basis and engaged in business during a part of the calendar year 1918, and operating at a loss during the calendar year 1919, is entitled to deduct such net loss from the net income of 1918, under the provisions of section 204 of the Revenue Act of 1918.

*B. S. Barron, Esq.*, for the taxpayer.
*John W. Fisher, Esq.*, for the Commissioner.

Before SMITH, JAMES, LITTLETON, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits tax for the fiscal period ended December 31, 1918, in the

amount of $8,405.78. The question in issue is the right of the corporation taxpayer, which made its return for a part of the calendar year 1918, to deduct from the net income shown upon such return a net loss for the calendar year 1919.

### FINDINGS OF FACT.

The taxpayer was organized March 25, 1918, and filed its first tax return for the period from that date to December 31, 1918, which return showed a net income of $24,744.08. The taxpayer filed a return for the calendar year 1919 which showed a net loss. It sought to deduct the net loss sustained by it in the calendar year 1919 from the net income realized by it for the period beginning March 25, 1918, and ending December 31, 1918. The Commissioner disallowed the deduction of such a net loss and the deficiency is at least in part predicated upon such disallowance.

### DECISION.

The deficiency, if any, should be computed in accordance with the following opinion. Final determination will be settled on 10 days' notice, in accordance with Rule 50.

### OPINION.

SMITH: The sole question in this appeal is whether the taxpayer, a corporation organized during the year 1918, and having a net income for that year, is entitled to deduct from that net income, under the provisions of section 204 of the Revenue Act of 1918, a net loss sustained for the calendar year 1919. The Commissioner has disallowed the deduction upon the ground that the taxpayer was not in existence for a full twelve-month period prior to December 31, 1918. The taxpayer claims the right to make the deduction under the law as interpreted by this Board in *Appeal of Carroll Chain Co.*, 1 B. T. A. 38. The Commissioner cites *Appeal of Butler's Warehouses, Inc.*, 1 B. T. A. 851, in support of his contention.

The salient fact in the decision in *Appeal of Butler's Warehouses, Inc., supra,* was that it was incorporated January 17, 1919, and that it had no corporate existence during the year 1918. In the course of the opinion in that appeal it was stated:

If the taxpayer had been incorporated and had been engaged in business during the calendar year 1918, there is no doubt but that a net loss which was sustained by it during the calendar year 1919 could have been deducted from the net income of the year 1918, and the excess of the net loss could be deducted from the gross income of the year 1920. The taxpayer was not, however, in existence during the year 1918, and the question arises as to whether its situation is any different from what it would have been if it had been in existence during that year.

The decision of the Board was that, inasmuch as it was not in existence during any part of 1918, it could not by any possibility have a net income for 1918 against which a net loss for 1919 could be applied.

The material question in this appeal is whether the term "taxable year," as contained in section 204 (b) of the Revenue Act of 1918, is to be construed as requiring the legal existence of a corporation for a twelve-month period. This is precisely the question that was decided in the *Appeal of Carroll Chain Co.*, *supra*, under a similar definition of taxable year contained in the Revenue Act of 1921. We think that it was immaterial that the taxpayer was in existence for only a fractional part of the year 1918. It is entitled to have the net loss sustained by it for the year 1919 applied against the net income for the fractional part of the year 1918 during which it was in existence.

In its petition the taxpayer alleges that the net loss sustained by it during the calendar year 1919 was in excess of the net income received by it from March 25 to December 31, 1918, inclusive, and, although the Commissioner admits that the taxpayer filed a return for 1919 which showed a net loss, the amount thereof was not admitted and the taxpayer has submitted no proof upon the point. Whatever the amount of the net loss was, it should be applied against the net income of the period ended December 31, 1918, and the balance, if any, against the net income for the year 1920. *Appeal of Patapsco Ballast Co.*, 1 B. T. A. 1081.